UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICH BAESKE,

        Plaintiff,

                                      Case No. 1:04-CV-492

v.

                                      HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY
        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on July 12, 2005, in which the magistrate judge recommended that the Commissioner's decision denying Plaintiff's claim for disability insurance benefits be affirmed pursuant to 42 U.S.C. § 405(g). The magistrate judge concluded that the ALJ's determination that Plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy was supported by substantial evidence. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff first objects to the magistrate judge's failure to remand the ALJ's decision in light of the ALJ's "improper hypothetical" posed to the vocational expert (VE). In his appeal of the ALJ's decision, Plaintiff complained that the ALJ's hypothetical question to the VE, which was asked in an effort to determine the work Plaintiff could perform in light of his limitations, did not accurately describe Plaintiff's limitations. Specifically, Plaintiff notes, although the ALJ found that Plaintiff has some deficiencies in concentration, persistence or pace, which results in Plaintiff's failure to

complete tasks in a timely manner, the ALJ's hypothetical assumed only "mild . . . to moderate limitations on concentration, persistence, and pace," without additional reference to Plaintiff's inability to complete tasks in a timely manner. In light of the hypothetical question that the ALJ actually posed to the VE, the VE identified the following jobs that Plaintiff could perform: 8,000 jobs as an attendant cashier, as in a self-service gas station, 1,000 jobs as an attendant that might check out cars in the parking lots at a hospital or office complex, 1,000 security jobs in buildings, checking doors and windows, 8,000 jobs as a bench assembler, which would involve putting together products, and 8,000 inspector/packaging jobs. On cross-examination, Plaintiff's representative[1] asked the VE if the bench assembly jobs required a production standard. In response, the VE testified that there were "quotas, certainly." The magistrate judge concluded that even if the 8,000 bench assembly jobs were eliminated on the basis that Plaintiff "could not complete tasks in a timely manner," Plaintiff could still perform 18,000 jobs, which is still a significant number of jobs in the national economy. Besides reasserting his contention that his difficulty in completing tasks should have been included in the hypothetical posed to the VE, Plaintiff offers no argument as to why the magistrate judge's finding that, even with eliminating the 8,000 bench assembly jobs, Plaintiff could still perform a substantial number of jobs in the economy such that Plaintiff is not disabled as defined by the Social Security Act.

Plaintiff next argues that the magistrate judge erred in failing to remand the ALJ's decision in light of the ALJ's inconsistent opinion regarding his ability to complete tasks. The ALJ found:

---

[1] Plaintiff notes that he was not represented by counsel at the ALJ hearing. This fact, however, has no bearing on whether substantial evidence exists to support the ALJ's decision finding that Plaintiff could perform a substantial amount of gainful activity in the national economy such that he is not disabled as defined by the Social Security Act.

> [Plaintiff] has moderate deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner. He can sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks; however, he has some deficiencies in this area which result in incomplete tasks.

The magistrate judge found that although the "ALJ's decision appears to be inconsistent (if not contradictory) with respect to [P]laintiff's ability to complete tasks . . . this inconsistency is not a sufficient basis to require a remand for additional vocational evidence." Plaintiff argues that this conclusion was erroneous. The Court disagrees. First, the ALJ's opinion regarding Plaintiff's ability to complete tasks in a timely manner is not necessarily inconsistent or contradictory, for although an individual may have deficiencies in his ability to concentrate, such that, on occasion, he is unable to timely complete tasks, that same person may have, though not great, *sufficient* attention and concentration to normally complete tasks in a timely manner. In any event, the magistrate judge noted that, based on the record, the ALJ did not consider Plaintiff's deficiencies in completing tasks to be severe enough to prevent him from performing a substantial number of jobs in the economy. The Court agrees that substantial evidence in the record supports this conclusion.

Finally, Plaintiff argues that the magistrate judge's report and recommendation should not be accepted since the magistrate judge did not discuss the opinion or assessment of Dr. Busby, a doctor who evaluated Plaintiff. Dr. Busby concluded that the severity of Plaintiff's symptoms render him unfit for any employment setting. The magistrate judge did not discuss Dr. Busby's opinion because Plaintiff did not raise Dr. Busby's opinion in the brief he submitted to the magistrate judge. Thus, Plaintiff has waived any argument regarding the proper weight to be given to Dr. Busby's opinion. *See Clarke v. Careercom Corp.*, No. 91-3495, 1992 WL 102568 (6th Cir. May 13, 1992) (noting that a plaintiff is "not entitled to review of 'matters anew on issues never presented to the

3

magistrate [judge].'") (alteration in original) (quoting *Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work. It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate. Parties must take before the magistrate, not only their best shot but all of their shots." (quotation marks and citations omitted). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 12, 2005, (docket no. 9), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

The case is **concluded**.


Dated:  October 17, 2005                                      /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE